IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(Trenton Vicinage)

Mark R. Scirocco/061192013
SCIROCCO LAW, PC
143 Washington Street
Morristown, NJ 07960
(973) 691-1188
Fax: 973-691-3353
Mark@Sciroccoesq.com
Attorney for Plaintiff Liberty Justice Center

| | |
|---|---|
| LIBERTY JUSTICE CENTER,<br><br>    Plaintiff,<br><br>v.<br><br>GURBIR S. GREWAL, as attorney general of the State of New Jersey,<br><br>    Defendant. | Case No.<br><br>**COMPLAINT** |

Plaintiff Liberty Justice Center, 208 S. LaSalle Street, Suite 1690, Chicago, Illinois 60604, complains against Gurbir S. Grewal, Office of the Attorney General, Hughes Justice Complex, 25 Market Street, Box 080, Trenton, NJ 08625, in his official capacity as Attorney General of the State of New Jersey, and alleges as follows:

**INTRODUCTION**

1.     The First Amendment grants individuals who donate to nonprofit organizations the right to associate privately lest public disfavor and harassment chill their speech. On July 1, 2021, the U.S. Supreme Court confirmed this right by ruling in favor of a facial challenge to the California Attorney General's policy of requiring all charities registered with the state to submit their complete IRS Form 990, including the confidential Schedule B that lists an organization's major

supporters. *Americans for Prosperity Found. v. Bonta*, Nos. 19-251 & 19-255, 2021 U.S. LEXIS 3569 (July 1, 2021). As of July 1, 2021, California no longer collects the Schedule B of nonprofit organizations wishing to operate in the state.[1]

2. Defendant General Grewal, Attorney General of the State of New Jersey, has the same policy as California of requiring nonprofit organizations to submit their Schedule B as part of their annual charitable registration.

3. New Jersey has already acknowledged in court filings that it has a policy that is "the same or similar" to the policy struck down as facially unconstitutional in *AFPF v. Bonta*. In that case, the State of New Jersey joined an amicus brief which said, "At issue in this case is California's requirement that every charity operating within the State provide its Schedule B along with its Form 990 as part of the total package of financial and other information that must be reported to the State. Several other States have the same or a similar reporting requirement. . . . New Jersey has a similar Schedule B filing requirement. All charitable organizations that operate in New Jersey must file annual financial reports that include a copy of the organization's most recent IRS Form 990, and '[a]ll schedules and statements shall be included." N.J. Admin. Code §§ 13:48-4.3(a)(8), 13:48- 5.1(b)(5)." Br. for States of New York, Colorado, Connecticut, Hawai'i, Illinois, Maine, Maryland, Massachusetts, Michigan, Nevada, New Jersey, New Mexico, Oregon, Pennsylvania, Rhode Island, and Virginia, and The District of Columbia as Amici Curiae, pg. 9–10, *Americans for Prosperity Found.*, Nos. 19-251 & 19-255, 2021 U.S. LEXIS 3569 (July 1, 2021).[2]

---

[1] *See* https://oag.ca.gov/charities.
[2] Brief available at 2021 U.S. S. CT. BRIEFS LEXIS 866.

4.      Plaintiff Justice Liberty Center ("Center") is a nonprofit public-interest law firm that litigates on behalf of the constitutional rights of American families, workers, advocates and entrepreneurs. It zealously guards the confidentiality of its donors to ensure their privacy. The Center fundraises nationally, and is registered as a charity in New Jersey.

5.      Forced to choose between continuing its charitable registration and the irreparable loss of First Amendment freedom, the Center brings this case to protect its rights.

## PARTIES

6.      Plaintiff Liberty Justice Center is an Illinois nonprofit corporation headquartered in Chicago, Illinois. The Center's president works out of an office located at 208 S. LaSalle Street, Suite 1690, Chicago, Illinois 60604. The Center is devoted to the promotion of limited government and the protection of individual liberties through litigation in courts nationwide. To that end, the Center represents clients, at no cost to them, in lawsuits challenging government overreach throughout the states. The Center funds its activities by raising charitable contributions from donors throughout the country, including in New Jersey.

7.      Defendant Gurbir S. Grewal is the Attorney General of New Jersey. In this capacity, he administers and enforces the Charitable Registration and Investigation Act, N.J. Stat. Ann. §§ 45:17A-18–45:17A-40. N.J. Stat. Ann. § 45:17A-21(a). His main offices are located at 25 Market Street, Trenton, NJ 08625.

## JURISDICTION & VENUE

8. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1343, because this is an action to vindicate constitutional civil rights under 42 U.S.C. § 1983.

9. Venue in this Court is proper under 28 U.S.C. § 1391(b).

## FACTS

10. The Internal Revenue Service ("IRS") recognizes the Center as a 501(c)(3) nonprofit charity. Such charities are exempt from federal income taxes but must file an annual tax return (a "Form 990 Schedule A").[3] Certain charities—including the Center—must also file a Form 990 Schedule B, which lists the name and address of every individual nationwide who donated more than $5,000 to the charity during a given tax year.[4]

11. Once filed, a nonprofit organization's federal tax return must be "made available to the public," except for the "name or address of any contributor" to the organization. 26 U.S.C. § 6104(b), (d)(3)(A). Form 990s are thus public, but Schedule Bs listing donor names and addresses are not. Indeed, unauthorized disclosure of Schedule B can result in civil or criminal penalties. 26 U.S.C. §§ 7213, 7431.

12. State officials who administer state laws regulating charities can—like any member of the public—obtain a charity's Form 990 Schedule A. The tax code further provides that state regulators of charities can obtain from the IRS the

---

[3] *See* IRS Form 990, *available at* http://www.irs.gov/ pub/irs-pdf/f990.pdf.
[4] *See* IRS Schedule B to Form 990, *available at* http://www.irs.gov/pub/irs-pdf/f990ezb.pdf.

*nonpublic* tax returns (including a Schedule B) of *certain* nonprofits, but *not* of 501(c)(3) organizations. 26 U.S.C. § 6104(c)(3).

13.     Charitable organizations that intend to solicit in the state of New Jersey are required by law to initially register with General Grewal, whose office oversees the Charities Registration Section of the Division of Consumer Affairs. N.J. Stat. Ann. § 45:17A-23(a). That form is CRI-150I for charities which have annual gross contributions above $25,000. N.J. Stat. Ann. §§ 45:17A-24(a)–(c).

14.     Charities which have annual gross contributions above $25,000 are also required to file an annual report with Defendant General Grewal, CRI-300R. N.J. Stat. Ann. § 45:17A-24(d).

15.     As part of his annual registration requirements for charities, Defendant General Grewal (through the Charities Registration Section) requires registrants submit their complete IRS Form 990. N.J. Stat. Ann. § 45:17A-24(b)(3). The Charities Registration Section reaffirmed that this requirement includes the Schedule B in a regulation adopted May 2019. 51 N.J.R. 637(a); N.J. Stat. Ann. § 13:48-5.3(b)(5).

16.     Defendant General Grewal acts under color of state law when he makes and enforces these regulations and policies.

17.     Liberty Justice Center receives annual gross contributions in excess of $25,000.

18.     Liberty Justice Center plans to fundraise in the state of New Jersey to support its mission. As a result, it is registered for charitable status with the Defendant, and been assigned New Jersey Regulatory Number CH4057000.

19. As a result, Liberty Justice Center is required to complete the annual registration form, which includes submission of its Schedule B. N.J. Admin. Code §§ 13:48-4.3(a)(8)–(9).

20. The Center's registration renewal was due June 30, 2021.

21. Liberty Justice Center has not yet turned over its Schedule B to New Jersey, and it is designated as "non-compliant" by the Division of Consumer Affairs.

22. Any charitable organization that is compliant and receives over $10,000 in gross contributions may request an extension to renew. Because the Center has not submitted its Schedule B, and is therefore non-compliant, it is not able to receive a renewal extension.

23. If the Center fails to comply with the annual renewal requirement, Defendant General Grewal may revoke its registration, which would prevent it from fundraising in New Jersey. N.J. Admin. Code §§ 13:48-13.3(a)(1)–(2).

24. The revocation of its charitable registration in New Jersey would injure the Center by preventing it from fundraising in the state.

25. Liberty Justice Center zealously safeguards the privacy of its donors. It has in place policies and procedures for its staff, interns, and contractors to ensure this privacy.

26. Liberty Justice Center litigates a number of controversial topics, including cases on behalf of worker freedom against unions, on behalf of parents against curricula associated with critical race theory, and on behalf of victims of cancel culture.

## COUNT I – FIRST AMENDMENT

27. The Center repeats, realleges, and incorporates all the allegations above as if fully set forth at length herein.

28. The First Amendment to the United States Constitution applies to New Jersey by virtue of the Fourteenth Amendment. Officials of the State of New Jersey who act under color of state law to violate the First Amendment rights of citizens and organizations violate 42 U.S.C. § 1983.

29. The First Amendment creates a "right to associate for the purpose of speaking." *Rumsfield v. FAIR*, 547 U.S. 47, 68 (2006).

30. To vindicate this right, the Supreme Court has "held laws unconstitutional that require the disclosure of membership lists for groups seeking anonymity." *Id.* at 69. Such laws "ma[k]e group membership less attractive" and violate the First Amendment by "affecting the group's ability to express its message." *Id.*

31. "It is hardly a novel perception that compelled disclosure of affiliation with groups engaged in advocacy may constitute an effective restraint on freedom of association." *Bates v. Little Rock*, 361 U.S. 516, 523 (1960) (cleaned up).

32. Anonymous speech is not only accepted but celebrated within American politics. As "famously embodied in the Federalist Papers," which were published under the pseudonym "Publius," there is a long and "respected tradition of anonymity in the advocacy of political causes" in this country. *McIntyre v. Ohio Elections Commission*, 514 U.S. 334, 343 & n.6 (1995). For government to take the opposite

approach by "[c]ompell[ing] disclosure of membership in an organization engaged in advocacy of particular beliefs" is akin to it ""requir[ing] that adherents of particular religious faiths or political parties wear identifying arm-bands."" *NAACP v. Alabama ex rel. Patterson*, 357 U.S. 449, 462 (1958) (quoting *American Communications Ass'n v. Douds*, 339 U.S. 382, 402 (1950)).

33. Nor is it any less noxious to compel disclosure of an organization's *donors* than it is to compel disclosure of its *members*: the Supreme Court has "not drawn fine lines between contributors and members," but has instead "treated them interchangeably." *Buckley v. Valeo*, 424 U.S. 1, 66 (1976).

34. The Supreme Court recently held that demanding charitable organizations to disclose to a state attorney general the contents of their Schedule Bs violates the First Amendment. *Americans for Prosperity Found. v. Bonta*, Nos. 19-251 & 19-255, 2021 U.S. LEXIS 3569 (July 1, 2021). Such a disclosure requirement "imposes a widespread burden on donors' associational rights." *Id.* at *33. The burdens imposed by a blanket demand cannot be justified because such a demand is not narrowly tailored to any important governmental interest. *Id.* at *24–27.

35. In *Americans for Prosperity Foundation*, the Court ruled in favor of a facial challenge by charities to California's requirement that charities provide their Schedule B to the Attorney General's bureau of charities, finding that rule was not narrowly tailored to the state's interest in preventing charitable fraud. The Court further found that disclosure only to a government agency, even if that agency pledges to keep it confidential, constitutes a real burden on associational rights.

8

36. Defendant General Grewal's policy, on pain of penalty, requiring the disclosure of the names and addresses of the Center's contributors to him, infringes the rights to freedom of speech and freedom of association of the Center and its supporters, which rights are secured by the First and Fourteenth Amendments, in violation of 42 U.S.C. § 1983. The Attorney General's demand for a charity's donor information on Schedule B is unconstitutional both on its face and as applied to the Center.

37. The Attorney General's demand gives the Center two choices. Either it must disclose its donor list, which will chill the protected speech of its donors, or else it must bear the penalties of noncompliance with New Jersey's demand, which will chill its fundraising speech. "[F]und-raising for charitable organizations if fully protected speech." *Gaudiya Vaishnava Society v. City and County of San Francisco*, 952 F.2d 1059, 1063 (9th Cir. 1990); *accord Riley v. National Federation of the Blind of North Carolina, Inc.*, 487 U.S. 781, 789 (1988); *Village of Schaumburg v. Citizens for a Better Environment*, 444 U.S. 620, 632 (1980).

## PRAYER FOR RELIEF

Wherefore, the Center requests judgment in its favor and against the Attorney General as follows:

1. An order enjoining the Attorney General from demanding the Center's Schedule B that contains its donor information or from taking any action to implement or enforce his policy demanding the Center's Schedule B.

9

    2.    A declaration that the Attorney General's demand for a copy of the Center's Schedule B containing the names and addresses of the Center's donors violates the First and Fourteenth Amendments both on its face and as applied to the Center, and is therefore null and void.

    3.    Nominal damages.

    4.    An award to the Center of its reasonable attorneys' fees and costs.

    5.    A grant to the Center of such additional or alternative relief as the Court deems just and proper.

Dated: July 14, 2021

Respectfully Submitted,

Scirocco Law, PC

<u>/s/ Mark R. Scirocco</u>
Mark R. Scirocco/061192013
Scirocco Law, PC
143 Washington Street
Morristown, NJ 07960
(973) 691-1188
Fax: (973) 691-3353
Email: Mark@Sciroccoesq.com

*Attorney for Plaintiff Liberty Justice Center*